JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-955-MWF (MRWx) | **Date:** July 19, 2023 |
| **Title:** Saulo Solarte v. Nissan North America, Inc. et al | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING MOTION TO REMAND [13]

Before the Court is Plaintiff Saulo Solarte's Motion to Remand Case to Riverside Superior Court (the "Motion"), filed on June 23, 2023. (Docket No. 13). On July 10, 2023, Defendant Nissan North America, Inc. filed an Opposition. (Docket No. 16). Plaintiff replied on July 17, 2023. (Docket No. 17).

The Motion was noticed to be heard on July 31, 2023. However, in the moving papers, Plaintiff explicitly asked that the matter be decided without a hearing. (*See* Notice of Motion). Further, the Court independently deems the matter appropriate for decision without oral argument. Therefore, the hearing is hereby **VACATED** and removed from this Court's calendar. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

The Motion is **GRANTED** because the existence of diversity jurisdiction was obvious from the face of the Complaint, but Defendant failed to remove this action to federal court within the thirty-day time period provided by 28 U.S.C. § 1446(b)(3).

I.   **BACKGROUND**

Plaintiff initiated this lemon law action on March 1, 2023, in the Riverside Superior Court. (Notice of Removal ("NOR"), Ex. A (Summons and Complaint) (Docket No. 1)). Defendant was served with the Complaint on March 17, 2023. (Declaration of Abigail Hudson ("Hudson Decl."), ¶ 4). Defendant removed this action seventy days later on May 25, 2023. (*See generally*, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-955-MWF (MRWx)					Date:  July 19, 2023
Title:  Saulo Solarte v. Nissan North America, Inc. et al

    In the Complaint, Plaintiff alleges that he resides in California. (Complaint, ¶ 1). Plaintiff brings two state law claims against Defendant under the Song-Beverly Consumer Warranty Act ("SBA") for breach of express warranty and breach of the implied warranty of merchantability. The prayer for damages included in the Complaint provides as follows:

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, and each of them, as follows:

(a) Restitution in an amount equal to the actual price paid or payable by Plaintiff, which is an amount exceeding $25,000.00, according to proof at trial;

(b) Restitution for any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, according to proof at trial;

(c) Incidental damages including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by Plaintiff, according to proof at trial;

(d) Aggregate amount of costs and expenses, which includes expert witnesses fees, if applicable, and attorney's fees deemed by this court to have been reasonably incurred;

(e) A civil penalty as called for under Song Beverly, of no more than two times actual damage, according to proof;

(f) Prejudgment interest at the legal rate;

(g) Such other and further relief as this Court deems just and proper.

(Complaint at pp. 6-7, Prayer for Relief )

    In the NOR, Defendant contends that it obtained the Retail Installment Sales Contract ("Sales Contract") concerning the subject vehicle on April 25, 2023. (Hudson Decl., ¶ 12). Defendant argues that because the amount in controversy was not ascertainable from the face of the Complaint, the receipt of the Sales Contract renders its removal timely and also demonstrates that the amount in controversy is "well over $75,000[] [because] Plaintiff alleges actual damages of at least $69,144,24 (the total sale price of her vehicle), and could be awarded up to twice that amount in civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-955-MWF (MRWx)           Date: July 19, 2023

Title: Saulo Solarte v. Nissan North America, Inc. et al

penalties, for a total amount in controversy of $207,432.72," not even including "any award of incidental damages (such as Plaintiff's claim for registration fees and insurance costs) and consequential damages, reasonable attorney's fees and other remedies" under the SBA. (Hudson Decl. ¶ 16).

Within thirty days of removal, Plaintiff filed this Motion seeking remand, arguing that removal was untimely, and that Defendant has failed to satisfy its burden to demonstrate that the amount in controversy is met. In the Reply, Plaintiff also argues for the first time that Defendant has not met its burden to prove diversity of citizenship. But because it was raised for the first time in the Reply and is unnecessary to decide this Motion, the Court has disregarded the diversity argument.

## II. DISCUSSION

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Here, Plaintiff has brought the Motion within thirty days of the filing of the NOR, and seeks to remand based on the purported untimeliness of removal.

Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" If the initial pleadings do not state a removable case, 28 U.S.C. § 1446(b)(3) additionally permits removal "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 23-955-MWF (MRWx)            **Date:**  July 19, 2023

**Title:**  Saulo Solarte v. Nissan North America, Inc. et al

---

which it may first be ascertained that the case is one which is or has become removable."  Although the time limit is procedural rather than jurisdictional, it "is mandatory and a timely objection to a late petition will defeat removal[.]"  *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

     As the Ninth Circuit has explained, "[t]hree removal scenarios are presented in a potential diversity case;" 1) the case clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint; 2) the case clearly is not removable on the basis of jurisdictional facts apparent from the face of the complaint; or 3) it is unclear from the complaint whether the case is removable.  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93 (9th Cir. 2005).  "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Id.* at 694.  Therefore, "the first thirty-day requirement is triggered by [the] defendant's receipt of an 'initial pleading' that reveals a basis for removal" but, if "no ground for removal is evident in that pleading, the case is 'not removable' at that stage."  *Id.* (internal citation omitted).

     In the NOR and Opposition, Defendant does not dispute that diversity of citizenship between the parties is established by the face of the Complaint but argues that the action was not removable when it was served the initial pleading because the Complaint "is silent as to the actual amount in controversy."  (NOR ¶ 6).  A review of the Complaint reveals that statement is inaccurate.

     Plaintiff explicitly alleges that the amount paid or payable for the subject vehicle was an amount "exceeding $25,000.00."  (Complaint ¶ 6).  Therefore, Defendant's statement that the Complaint "did not provide any indication of the purchase price of his vehicle" is simply wrong.  (Opposition at 6).  Curiously, in the NOR, Defendant even cites to the specific paragraph of the Complaint that includes the allegation stating the price of the vehicle was more than $25,000.  (*See* NOR ¶12) (citing Complaint ¶ 6).  Moreover, Plaintiff realleges in the prayer for damages that he seeks restitutionary damages in an amount equal to the price paid or payable, "which is an amount

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-955-MWF (MRWx)           **Date:** July 19, 2023
**Title:** Saulo Solarte v. Nissan North America, Inc. et al

exceeding $25,000.00," and that amount is listed in addition to damages for "restitution for any collateral charges," such as "sales or use tax, license fees, registration fees," "incidental damages," "attorney's fees," and "a civil penalty" of up to "two times actual damages." (*See* Complaint, Prayer for Relief).

      Because the Complaint makes clear that the purchase price of the subject vehicle was at least $25,001, it is likewise clear that the amount in controversy exceeds $75,000, using Defendant's own logic (i.e., multiplying the actual damages times three to account for civil penalties up to two times actual damages under the SBA).

      Because the allegations in the Complaint and Prayer for Relief specify that the actual damages (as opposed to the total damages sought) exceed $25,000, the cases Defendant cites are distinguishable. (*See* Opposition at 6-7) (citing *Rodriguez v. Ford Motor Co.*, No. CV 22-01056-SSS (MAAx), 2022 WL 4653660, at *4 (C.D. Cal. Sept. 30, 2022) (deeming allegation that the plaintiff "suffered damages in a sum to be proven at trial in an amount not less than $25,001" was ambiguous because the plaintiff's prayer for "damages" could "plausibly refer to both actual damages and other monetary remedies sought such that the amount in controversy cannot be readily determined from the face of the complaint") and *Stusa Holdings v. Ford Motor Co.*, No. CV 21-02172-SVW (SHKx), 2022 WL 2235815, at *1–2 (C.D. Cal. Feb. 22, 2022) (rejecting argument that the complaint triggered 30-day removal period where its caption page and the accompanying civil cover sheet generally alleged that damages "exceeded $25,000" but did not specify the type of damages that were included within that figure)).

      The cases establish that a general allegation that a plaintiff seeks "damages" in an amount "no less than $25,000" (an allegation clearly made to satisfy the jurisdictional requirement for unlimited jurisdiction in state court) is too vague to support removal in lemon law cases, even where two-times actual damages are sought in civil penalties, because such an allegation makes it "unclear whether all t[ypes of] damages are subsumed within the request for $25,001" or whether the allegation merely represents the ***actual*** damages suffered, excluding civil penalties, attorney's fees, and/or punitive damages. *See Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-955-MWF (MRWx)            **Date:** July 19, 2023
**Title:** Saulo Solarte v. Nissan North America, Inc. et al

913 (N.D. Cal. 2020) (in action where state court complaint alleged that the plaintiff suffered damages "in a sum to be proven at trial in an amount that is not less than $25,001," concluding that removability was not evident based on the complaint and distinguishing on that basis from lemon law cases where the complaint made clear that the actual damages themselves were in excess of $25,000); *see also Luna v. FCA US LLC*, No. CV 21-01230-LHK, 2021 WL 4893567, at *6 (N.D. Cal. Oct. 20, 2021) (likewise concluding it was not clear from the face of the complaint that the amount in controversy exceeded $75,000 because it was unclear "whether the items listed in the Prayer for Relief are included within, or separate, from the $25,001 figure").

      Indeed, one of the main cases Defendant relies on demonstrates why ***general*** allegations that damages are in excess of $25,000 are insufficient, while allegations that the purchase price of the vehicle itself exceeds $25,000 are sufficient. (*See* Opposition at 7) (citing *Tracy v. Hyundai Motor Am.*, No. SA CV 20-01514-CJ (ADSx), 2020 WL 5291016, at *2 (C.D. Cal. Sept. 3, 2020). In *Tracy*, the plaintiff generally alleged that the "[a]mount demanded exceed[ed] $25,000," but the complaint attached a sales contract demonstrating that the purchase price of the vehicle was only $11,990, so "even considering the two-times damages civil penalty" under the SBA, the amount in controversy exceeded $25,000, but was not in excess of $75,000. *Id.* By contrast, the Complaint in this action specifies that the purchase price of the vehicle itself exceeded $25,000, and therefore, considering the two-times civil penalty available under the SBA, the amount in controversy necessarily exceeds $75,000.

      Although not cited by Defendant, another district court concluded on a motion to remand with nearly identical facts that an action was clearly removable based on the face of the complaint. *See McDonald v. BMW of N. Am.*, LLC, No. CV 17-2011-CAB-BLM, 2017 WL 5843385, at *1 (S.D. Cal. Nov. 28, 2017). There, the district court explained, that the "complaint state[d] that [the p]laintiff's damages exceed[ed] $25,000, and pray[ed] for actual damages, statutory penalties of two times actual damages, attorney's fees and punitive damages." *Id.* And "[i]n its notice of removal, [the defendant] acknowledge[d] that each of these categories of recovery are properly included in the amount in controversy calculation and in fact calculate[d] the amount in controversy using the vehicle purchase price as the amount of [the p]laintiff's actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-955-MWF (MRWx)             **Date:** July 19, 2023

**Title:** Saulo Solarte v. Nissan North America, Inc. et al

damages and multiplying it by three to arrive at a total amount of monetary damages and penalties sought in the complaint." *Id.* The court reasoned that "even using the minimum amount of damages alleged in the complaint—$25,001—the $75,000 minimum for diversity jurisdiction is satisfied when accounting for civil penalties." *Id.*

Here too, the Complaint clearly alleges that Plaintiff seeks at least $25,001 in actual restitutionary damages and seeks an additional civil penalty of two times that amount (which Defendant concedes is properly included in calculating the amount in controversy). (*See* Opposition at 4-5). Therefore, even without accounting for attorney's fees and punitive damages, it is clear from the face of the Complaint that the amount in controversy is at least $75,003 (plus reasonable attorney's fees and potentially punitive damages).

Defendant relies on *Harris* to argue that the amount in controversy was not clear from the face of the Complaint, but *Harris* does not support Defendant's position. *Harris* established the general rule that a defendant is not obligated to investigate facts outside of the complaint to determine removability within the thirty-day window after being served with the initial pleading. *Harris*, 425 F.3d at 694. But the simple calculation here did not require Defendant "to engage in guesswork or investigation to ascertain that [the action] was removable based on the allegations in the complaint." *See McDonald*, 2017 WL 5843385 at *2.

While knowledge of the exact purchase price of Plaintiff's vehicle may have helped Defendant determine the specific amount at stake, that information was not necessary to determine that more than $75,000 is in controversy. *See id.* Just as Defendant multiplied the purchase price by three to argue in the NOR that Plaintiff is seeking a minimum of $207,432.72, so too could Defendant have multiplied $25,001 by three to determine that Plaintiff seeks, at a minimum, in excess of $75,000, not including attorney's fees or punitive damages. *See id.*;(*see also* NOR ¶ 31) (explaining that Defendant calculated the amount in controversy by multiplying the total sale price of the vehicle by three). As the *McDonald* court reasoned, "[p]erforming this calculation would not have required any extrapolations, subjective knowledge, or evidence outside of the [C]omplaint, and multiplying these figures that were stated in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-955-MWF (MRWx)            **Date:** July 19, 2023

**Title:** Saulo Solarte v. Nissan North America, Inc. et al

the [C]omplaint was part of [Defendant's] duty to ascertain removability." *See McDonald*, 2017 WL 5843385 at *2; *see also Bernstein v. BMW of N. Am., LLC*, No. CV 18-01801-JSC, 2018 WL 2210683, at *2 (N.D. Cal. May 15, 2018) (concluding "the jurisdictional amount in controversy [wa]s facially evident from the complaint" where the plaintiff alleged that "[t]he amount in controversy exceeds . . . $25,000, ***exclusive*** of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief. ***In addition***, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees") (emphasis added by *Bernstein* court).

Because it is clear from the face of the Complaint that diversity jurisdiction exists, Defendant was obligated, but failed, to remove this action within thirty days of being served with the Complaint. Accordingly, Defendant's removal was untimely, and remand is appropriate.

### III. CONCLUSION

The Motion to Remand is **GRANTED** and the Court directs the Clerk to **REMAND** this action to the Superior Court of the State of California for the County of Riverside.

IT IS SO ORDERED.